# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TAMMY SIMPSON, Individually and
MARVIN CHARLEY, Individually, Husband and Wife,
And TAMMY SIMPSON, as Guardian and Next
Friend of P.S. and B.C., Minor children,

    Plaintiffs,

vs.                                              No. 1-18-cv-001169-KJG-LF

THE UNITED STATES OF AMERICA;
SAN JUAN ONCOLOGY
ASSOCIATES P.C., and its agent, JEFFREY
NEIDHART, M.D., BLACK AND WHITE
CORPORATIONS 1-10;
JOHN AND JANE DOES 1-10,

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on July 17, 2019, and was attended by:

| | |
|---|---|
| Theodore W. Barudin<br>BARUDIN LAW FIRM, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, New Mexico 87110<br>(505) 332-1800<br>tbarudin@barudinlaw.com | Ronald I. Kaplan, MD, JD<br>KAPLAN & LUKOWSKI, LLP<br>333 Sandy Springs Circle<br>Suite 200<br>Atlanta, Georgia 30328<br>404-845-0012<br>rik@kaplanlegal.com |
| Roberto D. Ortega<br>Assistant United States Attorney<br>United States Attorney's Office<br>District of New Mexico<br>P.O. Box 607<br>Albuquerque, NM 87103<br>505-346-7282<br>Roberto.Ortega@usdoj.gov | Lori Bencoe<br>Cherie LaCour<br>BENCOE & LACOUR LAW, P.C<br>9201 Montgomery Blvd., NE Suite 404<br>Albuquerque, NM 87111<br>(505) 247-8800<br>lori@bencoelaw.com<br>cherie@bencoelaw.com |

Thomas R. Mack
Elizabeth Reitzel
Miller Stratvert P.A.
Post Office Box 25687
Albuquerque, NM  87125
(505) 842-1950
tmack@mstlaw.com
ereitzel@mstlaw.com

## NATURE OF THE CASE

This is a medical malpractice claim arising under the Federal Tort Claims Act (FTCA), 28 USC §1346, and the New Mexico Medical Malpractice Act against Defendant United States of America and Defendants Jeffrey Neidhart, M.D. and San Juan Oncology Associates (SJOA) (NMSA 41-5-1 *et. seq.*) for the alleged medical malpractice at Northern Navajo Medical Center, Shiprock, New Mexico and at San Juan Oncology Associates, P.C. It is alleged that the medical providers subject to these claims were federal employees or private medical providers at all times material. Defendants Jeffrey Neidhart, MD and San Juan Oncology Associates, PC claim to be private medical providers and Qualified Health Care Providers under the New Mexico Medical Malpractice Act.  The Defendants deny the allegations stated against them.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiffs intends to file**: Plaintiffs do not anticipate amending the pleadings, but reserve the right to do so should additional parties be revealed in discovery.

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**Defendant United States of America intends to file**: Nothing at this time.

**Defendants Neidhart and San Juan Oncology intends to file**: Nothing at this time.

2

## STIPULATIONS

The parties stipulate to the following facts:

1. Venue is proper in the district court.

2. The parties further stipulate and agree that the law governing this case is: The law of New Mexico and the Federal Tort Claims Act.

3. Defendants Jeffrey Neidhart, M.D. and San Juan Oncology Associates are Qualified Health Care Providers and Plaintiffs have exhausted administrative remedies as to them as required by the New Mexico Medical Malpractice Act (MMA).

4. Plaintiffs do not seek punitive damages in this matter.

5. Plaintiffs do not seek punitive damages from Jeffrey Neidhart, M.D. and SJOA.

6. Plaintiffs do not make claims of joint and several liability against Jeffrey Neidhart, M.D. and SJOA, although the claims against SJOA are only for vicarious liability.

## PLAINTIFFS' CONTENTIONS

Plaintiffs contend that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

Plaintiff Tammy Simpson is a long-term patient of Northern Navajo Medical Center ("NNMC"), an Indian Health Services ("IHS") facility subject to the Federal Tort Claims Act. Plaintiffs contend that in providing care to Plaintiff Tammy Simpson, NNMC acted through its agent health care providers, including but not limited to, Sara Michaels MD, Donald Brunk MD, Amber Payne PA, Brandon Anderson and Rubie Chase, Pharmacist. Plaintiffs contend that NNMC's medical providers acted at all times in the course and scope of their duties. Plaintiffs contend that NNMC was negligent in failing to provide anticoagulant therapy to Tammy Simpson that was within the standard of care. In light of Ms. Simpson's past laboratory tests confirming that

she had a hypercoagulable blood condition and her history of multiple prior thrombotic events since 2005 (including multiple episodes of deep vein thromboses, pulmonary emboli and superficial clots) that were documented and known by NNMC, the standard of care warranted prescribing and providing continuous lifelong anticoagulant therapy to Ms. Simpson.

Plaintiffs contend that NNMC failed to meet the standard of care expected of reasonably well qualified outpatient primary care, pharmacy and Coumadin clinic care providers in evaluating and treating Ms. Simpson's hypercoagulable condition, because they failed to prescribe and provide continuous lifetime anticoagulation therapy to her. Plaintiffs contend that NNMC's negligence was a cause of harm to Tammy Simpson, who continued to have thrombotic events when she was not adequately anticoagulated, including a right middle cerebral artery territory ischemic stroke on September 17, 2017 that caused permanent deficits.

Plaintiffs contend that in the alternative or additionally, San Juan Oncology Associates PC, acting through its agent Jeffrey Neidhart, M.D., was negligent in providing hematology consultation recommendations to NNMC that were below the standard of care. NNMC records indicate that Dr. Neidhart advised that Ms. Simpson's hypercoagulable state could be adequately treated with a prescription for "Lovenox PRN" instead of continuous lifetime anticoagulation. This is documented in NNMC records as a basis for the care provided to Ms. Simpson in 2016 in the months prior to her ischemic stroke.

Plaintiffs contend that as a result of the negligence of NNMC and/or San Juan Oncology Associates PC/ Dr. Neidhart, Tammy Simpson and her family have incurred damages that include need for past and future medical care and the expenses of same, past and future impairment and disability, past and future pain and suffering and loss of enjoyment of life, and loss of household services and lost future earning capacity. Plaintiffs contend that Ms. Simpson has suffered a loss

of consortium as her family relationships as a parent and spouse have been permanently affected by her stroke and that Ms. Simpson's husband, Marvin Charley, has suffered loss of consortium as to the nature of their spousal relationship which has been permanently affected by the stroke. Plaintiffs contend that their children have suffered loss of companionship, guidance and counseling because the nature of Ms. Simpson's parenting has been affected by her stroke.

### DEFENDANT USA'S CONTENTIONS

Defendant United States of America contends that its employees at the Northern Navajo Medical Center who treated Plaintiff, Tammy Simpson, possessed and applied the knowledge and used the skill and care ordinarily used by reasonably well qualified hospitals, clinics and physicians in the care of Ms. Simpson. Defendant also contends that none of its employees acted negligently in caring for Ms. Simpson, nor did any employee of Defendant cause the alleged harms, injuries, or damages to her. The United States further contends that to the extent that Plaintiff alleges that any negligent acts were performed by any non-employee personnel, the United States is not liable for their actions under the Federal Tort Claims Act and that the United States exercised a discretionary function in hiring and credentialing its contract care providers.

Defendant incorporates its Answer (Doc. 14) and incorporates all defenses stated therein by reference.

### DEFENDANT NEIDHART/SAN JUAN ONCOLOGY'S CONTENTIONS

Jeffrey Neidhart, M.D. and San Juan Oncology Associates, P.C. (SJOA) deny the allegations, claims and defenses stated against them. Dr. Neidhart and SJOA state that at all times they did possess and apply the knowledge of and used the skill and care ordinarily used by a reasonably well-qualified hematology/oncologist and hematology/oncology practice, under the circumstances and giving due consideration to the location involved.

Dr. Neidhart does not recall the telephone call alleged between him and Dr. Michaels, and

adds that he would have given proper advice to Dr. Michaels based upon the information provided and available to him during any telephone call.

Dr. Neidhart denies that he owed any duty of care in this matter, denies breach of any duty owed, denies medical negligence, and denies causation of any alleged injuries and damages. Dr. Neidhart and SJOA assert the same defenses in this matter and also incorporate their Answer [Doc 35].

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

1. Plaintiff intends to call the following witnesses to testify at the time of trial:

|    | Name and Address | Subject Matter of Testimony |
|----|------------------|------------------------------|
| a. | Tammy Simpson<br>c/o Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Tammy Simpson has knowledge and information regarding the circumstances of what transpired before and after the injuries that are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected her life and her family's lives. |
| b. | Marvin Charley<br>c/o Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Marvin Charley has knowledge and information regarding the circumstances of what transpired before and after the injuries that are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected Ms. Simpson, Mr. Charley and their children's lives. |
| c. | Employees of Defendant United States of America, including but not limited to:<br>Northern Navajo Medical Center<br>Sara Michaels, M.D.<br>Thomas Burnison, M.D.<br>Margaret Thoma, M.D.<br>Brandon Anderson, pharm.<br>Rubie Chase, pharm<br>Amber Payne PA<br>Donald Brunk M.D.<br>Katherine Wilder M.D.<br>Dr. Mohs – primary in Shiprock<br>Others in records | The medical personnel of Northern Navajo Medical Center will testify as to the injuries sustained by Tammy Simpson and the treatment provided by various medical staff at this Indian Health Services facility. Dr. Mohs is Ms. Simpson's current primary care doctor. |

|    |    |    |
|----|----|----|
|    | Northern Navajo Medical Center<br>P.O. Box 160<br>U.S. 491<br>Shiprock, New Mexico 87420 |    |
| d. | Employees of San Juan Regional Medical Center, including but not limited to:<br>Steve Young, M.D.<br>Carlos Vela-Sandoval, M.D.<br>c/o San Juan Regional Medical Center<br>Risk Management<br>801 W. Maple Street<br>Farmington, NM 87401 | The medical personnel of San Juan Regional Medical Center will testify as to the injuries sustained by Tammy Simpson and the treatment provided by various medical staff at this facility |
| e. | San Juan Regional Heart Center<br>407 S. Schwartz Avenue Suite 202<br>Farmington, NM 87401<br>Faraz Sandhu, M.D.<br>Dr. Steve Young<br>Nursing/Pharmacy | Dr. Sandhu will testify as to the injuries sustained by Tammy Simpson and the treatment provided by various medical staff at both Northern Navajo Medical Center and San Juan Regional Medical Center. |
| f. | San Juan Health Partners Neurology<br>2300 E. 30th Street<br>Building B Suite 102<br>Farmington, NM 87401<br>Laura Waymire, M.D. | Dr. Waymire will testify as to the injuries sustained by Tammy Simpson and the treatment provided by various medical staff at both Northern Navajo Medical Center and San Juan Regional Medical Center. |
| g. | San Juan Oncology Associates, P.C.<br>735 W. Animas St.<br>Farmington, NM 87401<br>Jeffrey Neidhart, M.D. | Dr. Neidhart will testify as to the injuries sustained by Tammy Simpson and the treatment provided by various medical staff at both Northern Navajo Medical Center, San Juan Regional Medical Center, and San Juan Oncology Associates, P.C. |
| h. | Therapy One<br>2400 Farmington Avenue<br>Farmington, NM 87401<br>Thomas Ramage, PT | Mr. Ramage will testify as to the injuries sustained by Tammy Simpson and the treatment provided by various medical staff at both Northern Navajo Medical Center and San Juan Regional Medical Center. |
| i. | San Juan Health Partners Behavioral Health<br>John Koweler, Ph.D.<br>1930 San Juan Blvd.<br>Farmington, NM 87401<br>(505) 327-4998 | Dr. Koweler will testify as to the psychological injuries sustained by Tammy Simpson and the treatment provided by various medical staff at both Northern Navajo Medical Center and San Juan Regional Medical Center. |
| j. | Family of Tammy Simpson<br>c/o Barudin Law Firm<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | The Simpson family will testify as to how this affected the life of Tammy Simpson, Marvin Charley and their children. |
| k. | Plaintiffs intend to depose the |    |

7

| | |
|---|---|
| following:<br>Sara Michaels, M.D.<br>Jeffrey Neidhart M.D.<br>Thomas Burnison, M.D.<br>Donald Brunk, M.D.<br>Brandon Anderson, RPh<br>Rubie Chase, RPh<br>Aaron Long, RPh<br>Faraz Sandhu, M.D.<br>Amber Payne, P.A.<br>Dr. Thoma<br>Kathleen Wilder, M.D.<br>Laura Waymire, M.D.<br>Carlos Vela-Sandoval, M.D.<br>Jarrad F. Maiers, M.D.<br>30(B)(6) representative of NNMC | |

  l. Plaintiffs may call any other witness identified through discovery;

  m. Plaintiffs may call any other witness as identified by Defendant including all expert witnesses;

  n. Plaintiffs may call any other witness as identified by Defendant including all expert witnesses and any rebuttal witnesses as may be required;

  o. Any treating physicians and/or healthcare providers for the Plaintiffs not listed herein whose testimony is deemed necessary as discovery continues;

  p. Any person whose deposition is taken in the course of discovery;

  q. Any fact witness designated by any other party herein;

  r. Any other person whose testimony may be necessary based upon discovery or investigation;

  s. Any person identified as a person with knowledge of facts or who may be listed as potential witnesses in the Initial Disclosures of any other party or in any discovery responses or depositions taken in this case by any party;

  t.  Foundation witnesses as may be necessary to authenticate and to establish admissibility of any documents and other exhibits including, but not limited to, medical records and billing custodians.

2. Plaintiffs intend to call the following expert witnesses to testify at the time of trial:

  a.  This disclosure will be timely filed per order of the Court.

**Defendant United States of America's witnesses who may testify or be deposed:** The following employees and contractors are involved in or knowledgeable about the care rendered to Ms. Simpson. All were employed at and/or as contractors affiliated with:

Northern Navajo Medical Center  
P.O. Box 160  
U.S. 491  
Shiprock, New Mexico 87420 Phone:  
505-368-6001

  a. Sara Michaels, M.D. - Physician who originally treated Plaintiff and placed her on Coumadin treatment.

  b. Thomas Burnison, M.D. - Emergency department physician who treated Plaintiff on 9/4/16.

  c. Megan Henrie, M.D. - OBGYN who treated Plaintiff for abnormal bleeding on 1/30/17 and 2/8/17. Patient did not show up to follow up appointment and did not refill prescription she received regarding this treatment.

  d. Lynn Nauman, M.D. - Emergency medicine physician who treated plaintiff in emergency department on 5/30/17.

  e. Kathleen Shorty, R.N. - Assessed plaintiff on 1/30/17 and informed Dr. Henrie patient was ready to be seen.

  f. Robert Hatch, P.A. - Saw patient on 6/2/17 in the Family Medicine Day Clinic.

  g. Jessica L. Powell, R.N. (Contractor) - Assessed plaintiff in emergency department on 5/29/17.

  h. Justin Ritter, R.N. - Assessed plaintiff in emergency department on 1/30/17.

      i.      Dr. Margaret Thoma- ER Physician who saw Plaintiff in emergency department.

3. **Defendant United States intends to call the following expert witnesses to testify at the time of trial:** Defendant United States has not yet determined which experts it may retain. It will identify any expert witnesses in compliance with the Scheduling Order in this matter and in accordance with the provisions of Fed. R. Civ. P. 26.

4. **Defendants Neidhart's and San Juan Oncology's witnesses who may testify or be deposed:**

    a.    Jeffrey Neidhart, M.D. of San Juan Oncology Associates, P.C.
         735 West Animas Street
         Farmington, New Mexico  87401
         505-564-6850

         Dr. Neidhart and employees of SJOA may only be contacted through their counsel.

         Dr. Neidhart is expected to testify about his practice and telephone consultations on issues involving hematology and the information that he would have provided in these circumstances, including the information that he would have provided to Dr. Michaels during the referenced telephone call.

    b.    Witnesses listed by Plaintiff and Co-Defendant.

         Dr. Neidhart may call treating providers from San Juan Regional Medical Center and from NNMC/IHS to address issues related to duty, scope of duty and causation.

    c.    Witnesses necessary to authenticate records and documents.

    d.    Factual rebuttal witnesses as needed.

5. **Defendant Neidhart and San Juan Oncology intend to call the following expert witnesses to testify at the time of trial:**

Dr. Neidhart and SJOA may call experts, including but not limited to a Hematologist/Oncologist and a primary care provider with Family Medicine or Internal Medicine training.  The need for additional experts may be developed during fact witness discovery.

### DISCLOSURES REQUIRED BY RULE 26(A) (1) (B)

Plaintiffs intend to produce and introduce the following exhibits to be used at trial:

    a.    Any and all of Plaintiff Tammy Simpson's medical records and billing;

    b.    Power Point presentations or other similar demonstrative evidence;

10

c.  Photos of the Simpson family;

d.  Any exhibit(s) identified by Defendants;

e.  Any and all audio or video recordings which may be identified throughout discovery;

f.  Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses;

g.  Any and all other material which any expert may rely upon in support of their opinion(s) in this case;

h.  Any other exhibit(s) that may be identified through discovery, including without limitation, deposition testimony, responses to production requests, and responses to requests for admission;

i.  Any rebuttal witnesses as may be required;

j.  Any other pleadings pertinent to the case.

**Defendant United States of America may seek to introduce the following exhibits to be used at trial:**

a.  Any and all of Plaintiff Tammy Simpson's medical records and billing from Northern Navajo Medical Center;

b.  Any and all of Plaintiff Tammy Simpson's medical records and billing from San Juan Regional Medical Center;

c.  Any and all of Plaintiff Tammy Simpson's medical records and billing from San Juan Oncology Associates;

d.  Any exhibit(s) identified by Plaintiffs or other Defendants in discovery or at trial;

e.  Any other exhibit(s) that may be identified through discovery, including without limitation, deposition testimony, and responses to production requests;

f.  Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses;

g.  Any and all other material which any expert may rely upon in support of their opinion(s) in this case;

h.  Any discovery responses by Plaintiffs or other Defendants in this matter.

Defendant Neidhart and San Juan Oncology may seek to introduce the following exhibits to be used at trial:

a. Medical records from NNMC for Ms. Simpson;
b. Medical records from SJRMC for Ms. Simpson;
c. Medical records from other treating providers for Ms. Simpson;
d. Written discovery responses from Plaintiffs;
e. Written discovery responses from Co-Defendant and its employees;

Dr. Neidhart and SJOA may seek to use demonstrative exhibits at trial.

Dr. Neidhart and SJOA may seek to use medical literature and learned treatises at trial.

Dr. Neidhart and SJOA have found no records related to Ms. Simpson or related to Ms. Simpson's medical care and treatment at SJOA.

**Discovery will be needed on the following subjects:** Liability, causation and damages.

Maximum of thirty-five (35) interrogatories, including all sub-parts, by each party to any other party. (Responses due 30 days after service).

Maximum of thirty-five (35) requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of twenty-five (25) depositions total by all parties hereto.

Each deposition (other than of expert witnesses) limited to maximum of four (4) hours and up to seven (7) hours for parties or experts, unless extended by agreement of parties.

Reports from retained experts under Rule 26(a) (2) due:

from Plaintiff(s) by:  November 6, 2019 from Defendant(s) by:  December 6, 2019

Supplementation and rebuttal under Rule 26(e) due as required or authorized by the Federal Rules of Civil Procedure.

All discovery commenced in time to be completed by February 4, 2020.

Other Items: None.

## PRETRIAL MOTIONS

**Plaintiffs intend to file**: Any discovery motions as may be required, motion(s) for summary judgment, motion(s) in limine, motion(s) to compel, Daubert motion(s)

**Defendant United States of America intends to file**: Motion(s) to dismiss and/or for summary judgment; discovery motions as needed, including *Daubert* motions; and, motions in limine for trial.

**Defendants Neidhart and San Juan Oncology intend to file:** Motion(s) addressed to pleadings; Motions for Summary Judgment; *Daubert* Motions, as may be needed; Motions in Limine; and Pretrial motion practice.

## ESTIMATED TRIAL TIME

The parties estimate trial will require up to 7 trial days, not including voir dire.

 X   This is a non-jury case (As to the United States, pursuant to the Federal Tort Claims Act)

 X   This is a jury case (As to other defendants, Dr. Neidhart and SJOA)

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the close of discovery. However, the parties agree that settlement may be enhanced by use of the following alternative dispute resolution procedure: private mediation.

## **EXCEPTIONS**

None at this time. Plaintiffs reserve the right to submit exceptions as may be known through discovery.

                                                    APPROVED WITHOUT EXCEPTIONS

| | |
|---|---|
| */s/ Theodore W. Barudin* | */s/   Roberto D. Ortega* |
| Theodore W. Barudin | Roberto D. Ortega, Assistant U.S. Attorney |
| Ronald I. Kaplan, MD, JD | *Attorney for Defendant USA* |
| Lori Bencoe | |
| Cherie LaCour | |
| *Attorneys for Plaintiffs* | */s/   Thomas R. Mack* |
| | Thomas R. Mack |
| | Elizabeth Reitzel |
| | Miller Stratvert P.A. |
| | *Attorneys for Defendants Jeffrey Neidhart, M.D. and San Juan Oncology Associates, P.C.* |

\\Abq-tamarack\ProData\000053-050418\Drafts\3751728.docx