IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY SIMPSON, Individually and
MARVIN CHARLEY, Individually, Husband and Wife,
And TAMMY SIMPSON, as Guardian and Next
Friend of P.S. and B.C., Minor children,

    Plaintiffs,

vs.                                              No. 1-18-cv-01169-KWR-LF

THE UNITED STATES OF AMERICA,

    Defendant.

**PLAINTIFF TAMMY SIMPSON'S MOTION FOR SUMMARY JUDGMENT ON THE REASONABLENESS AND NECESSITY OF THE AMOUNTS OF INCURRED PAST MEDICAL TREATMENT AND BILLS**

Plaintiff Tammy Simpson, by and through her attorneys of record, and pursuant to Fed. R. Civ. P., Rule 56(c) and D.N.M.LR-Civ. 56.1, requests that the Court grant a summary judgment in her favor on her *Motion For Summary Judgment On The Reasonableness and Necessity Of The Amounts Of Her Incurred Past Medical Treatment and Bills* establishing that the medical treatment and bills she incurred as a result of the negligence of Defendant are reasonable and necessary charges because:

1. The amounts listed in Plaintiff's medical billing should be deemed prima facie proof of their reasonableness;

2. Defendant has not come forward with any evidence or testimony that calls into doubt the reasonableness and necessity of any amounts reflected in Plaintiff's incurred past medical treatment and billing; and,

3. Plaintiff has established through expert medical testimony that the past medical treatment and bills incurred by Defendant's negligence are reasonable and necessary in the amount of $102,230.96. [A print out of the Plaintiff's medical

1

providers and their billed costs is provided herein and attached as Exhibit 1]. Federal Rules of Evidence, Rule 1006.[1]

For the reasons that follow, Plaintiff respectfully requests that the Court deem Tammy Simpson's medical bills are the actual billed amounts reflected in each medical bill that has been produced to Defendant in this matter, and further requests that these bills are deemed reasonable and necessary for the respective medical treatments provided.[2]

**UNDISPUTED MATERIAL FACTS THAT ENTITLE PLAINTIFF TAMMY SIMPSON TO SUMMARY JUDGMENT AS A MATTER OF LAW**

1. Defendant United States' Responses to Plaintiffs' First Set of Requests for Admissions admit that Plaintiff Tammy Simpson's medical bills are (1) authentic, and are a (2) record of regularly conducted activity.

**REQUESTS FOR ADMISSIONS**

**Request for Admission No. 1:**

| # | Document Description | a. Authentic | | b. Record of Regularly Conducted Activity | | c. Reasonable & Necessary | |
|---|---|---|---|---|---|---|---|
| | | Admit | Deny | Admit | Deny | Admit | Deny |
| 1 | Northern Navajo Medical Center Records Bates No. IHS 0001-1058 | X | | X | | | X |
| 2 | San Juan Regional Medical Center Records Bates No. SJRMC 0002-0447, 0508-0571, TB 0001-0092 | X | | X | | | X |

---

[1] In compliance with FRE Rule 1006, Plaintiffs have provided Defendant through the numerous supplemental disclosures the medical bills and treatment notes for Plaintiff Simpson.

[2] Plaintiff has attached Defendant's Response to Plaintiff's Request for Admissions of May 27, 2020 identified as Exhibit 1 to her *Motion for Summary Judgment on Admitted and Material Undisputed Facts.* The medical exhibit chart found as "Request for Admission No. 1" contained in this pleading was Plaintiffs' Request for Admission No. 1.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3 | San Juan Regional Cardiology Records Bates No. SJRC 0001- 0017 | **X** | | **X** | | | **X** |
| 4 | San Juan Health Partners Neurology Records Bates No. SJRN P 0003-0011 and SJRN 0006-0063 | **X** | | **X** | | | **X** |
| 5 | San Juan Outpatient Records Rehab Bates No. SJRR 0001-0213 | **X** | | **X** | | | **X** |
| 6 | San Juan Imaging Records Bates No. SJRR 1257-1266 and 1278-1284 | **X** | | **X** | | | **X** |
| 7 | Therapy One PT Records Bates No. TO-0001-0034 | **X** | | **X** | | | **X** |
| 8 | Mountain Hyperbarics Records Bates No. MHB 0001-0003 | **X** | | **X** | | | **X** |
| 9 | HME Specialists Records Bates No. HMES 0001-0019 | **X** | | **X** | | | **X** |
| 10 | Four Corners Limb & Brace Records Bates. No. FCLB 0001-0008 | **X** | | **X** | | | **X** |
| 11 | Four Corners Radiology Records Bates No. FCR 0001-0023 | **X** | | **X** | | | **X** |
| 12 | San Juan Spine Center Records Bates No. SHRSC 0011-0106 | **X** | | **X** | | | **X** |
| 13 | San Juan Behavioral Health Records Bates No. SJRBH 0001- 0007 | **X** | | **X** | | | **X** |

| | | | | | | |
|---|---|---|---|---|---|---|
| 14 | Mercy Hospital Records Bates No. MMC 0001-0052 | **X** | | **X** | | **X** |
| 15 | Kymera Records Bates No. TB KIP 0001-0061 | **X** | | **X** | | **X** |
| 16 | San Juan Regional Medical Center Billing Bates No. SJRMC 0093 - 0124 | **X** | | **X** | | **X** |
| 17 | San Juan Regional Neurology Billing Bates No. SJRN 0064 – 0068 | **X** | | **X** | | **X** |
| 18 | San Juan Spine Ctr. Billing Bates No. SJRSC 0001 - 0010 | **X** | | **X** | | **X** |
| 19 | Therapy One PT Billing Bates No. TO 0035- 0040 | **X** | | **X** | | **X** |
| 20 | Mercy Hospital Billing Bates No. TB MMC 0053-0054 | **X** | | **X** | | **X** |
| 21 | United Colorado Billing Bates No. USACS 0001 | **X** | | **X** | | **X** |
| 22 | Mountain Hyperbarics Billing Bates No. TB MH 0004 – 0011 | **X** | | **X** | | **X** |
| 23 | Four Corners Radiology Billing Bates No. FCR 0001 | **X** | | **X** | | **X** |
| 24 | Four Corners Limb & Brace Billing Bates No. FCLB 0010-12 | **X** | | **X** | | **X** |
| 25 | HME Specialists Billing Bates No. 0001 -0002 & 0020-0024 | **X** | | **X** | | **X** |

2. Plaintiff Simpson routinely produced to Defendant her medical bills and treatment records from her health care providers in multiple supplemental disclosures pursuant to Fed. R. Civ. P. 26 and D.N.M.LR-Civ. 26.3 [Docs. 39, 47, 54, 70, 82].

3. The medical records and bills provided to Defendant were for her incurred past medical care proximately caused by Defendant's medical negligence. *Id.*

4. Those submitted medical bills list the amounts that each health care provider billed for medical services rendered to Plaintiff Simpson. *Id.*

5. Counsel for Defendant has admitted the authenticity of the medical bills at issue; however, they do not agree to stipulate to the reasonableness and necessity of the bills. *Id.*

6. Defendant USA has not filed any expert witness (or any witness) who can rebut that Plaintiff Simpson's medical treatment and incurred bills are not reasonable and necessary. [Defendant USA's Expert Witness Disclosure, Doc. 64].

7. Plaintiff Simpson has timely identified two expert witnesses, Dr. Nancy Cutter and Loretta Lukens, M.N., R.N., C.R.R.N., who are allowed under New Mexico law to opine that Plaintiff Simpson's past medical care, treatment, and incurred bills are reasonable and necessary due to Defendant's medical negligence. Such medical opinions are contained in Plaintiff Simpson's Expert Witness Disclosures of January 21, 2020 [Doc. 57].

8. Dr. Cutter's expert report identifies the medical records she reviewed in formulating her medical opinion to a reasonable medical certainty:

Medical Records and Reports:
- Four Corners Limb & Brace 110916 (FCLB 0001-0008).pdf — 486KB
- Four Corners Radiology 080715-072617 (FCR 001-0023).pdf — 3191KB
- IHS 010507-120607 (0 HIS 0913-1058).pdf — 18,183KB
- IHS 010606-11816 (IHS 0001-0523).pdf — 45106KB
- IHS 042715-102116 (0 IHS 0754-0912).pdf — 16023KB
- IHS112016-083117 (IHS 0566-0715).pdf — 12475KB
- IHS MR Imaging 061009-091416 (IHS 0524-0565).pdf — 3836KB
- IHS MR Imaging 100898-091416 (IHS 0716-0753).pdf — 4647KB

- Mercy 11818 (Bates MMC 0001-0052).pdf — 1974KB
- Mtn Hyperbarics recs 040219-052119 (Bates MHB 001-003).pdf — 210KB
- San Juan Regional MC 040219-083116 (SJRMC 0508-0671).pdf — 86970KB
- San Juan Regional MC 090116-012917 (SJRMC 0002-0447).pdf — 19175KB
- San Juan Regional MC 122718-031719 (TB SJRMC 0001-0092).pdf — 3182KB
- SJR SpineCtr 091716-022817 (SJRSC 0011-0106).pdf — 7443KB
- SJR Cardiology 08015-093015 (SJRC 0001-0017).pdf — 25504KB
- SJR Neurology 072017 (P 0003-0011).pdf — 506KB
- SJR Neurology 091816-072617 (SJRN 0006-0063).pdf — 6730KB
- SJR Outpatient Rehab 101916-071217 (SJRR 0001-0213).pdf — 20528KB
- SJRMC Imaging 011717-072617 (SJRMC 1278-1284).pdf — 1411KB
- SJRMC Imaging 040009-001717 (SJRMC 1257-1266).pdf — 1329KB
- TherapyOne 082118-100918 (Bates TO 0001-0021).pdf — 976KB
- TherapyOne 110717-120817 (Bates TB 0022-0034).pdf — 378KB

[Exhibit 2 attached hereto - Dr. Nancy Cutter Deposition Exhibit 5, page 12 of 41].

9. Dr. Cutter's expert report sets forth that she will testify as to the reasonableness and necessity of Plaintiff's past medical bills. [Exhibit 2 - Deposition Exhibit 5, Report of Dr. Nancy Cutter, January 20, 2020, page 14].

**OPINIONS / SUGGESTIONS / RECOMMENDATIONS:**

OPINION:
Her medical care was necessary.
RATIONALE:
I reviewed the medical records noted above. As a physician Board Certified in Physical Medicine and Rehabilitation and Board Certified in Brain Injury Medicine, it **is my opinion, to a reasonable degree of medical probability that the medical care for the Evaluee was medically necessary. I would be willing to review medical bills or a medical bill summary should I be asked**.(Emphasis supplied).

10. Dr. Cutter testified at her deposition on July 28, 2020 that it was her medical opinion to a reasonable medical certainty that Plaintiff's past medical bills were reasonable and necessary. [Exhibit 3 - Dr. Nancy Cutter deposition of July 28, 2020, pages 73-74: 12-25; 1-15; 73:2-25; 74:1-18; 75:4-13; 99:11-25; 100:5-13; 102:2-20].

## STANDARD OF REVIEW

This Federal Tort Claims Act (FTCA) action is for medical negligence arising under New Mexico law. (New Medical Malpractice Act, NMSA 1978, §41-5-1 *et. seq*.). Accordingly,

Plaintiffs have the burden to establish to a reasonable medical certainty that: (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries. *Diaz v. Feil,* 1994–NMCA–108, ¶ 5, 118 N.M. 385; *Brown v Kellogg*, 340 P.3d 1274 (Ct. App. 2014). Plaintiff's motion herein seeks a finding by the Court that the third element of this medical negligence case recognizes that there are undisputed material facts as to Plaintiff Simpson's past incurred medical treatment and bills, and as a matter of New Mexico law, summary judgment should be entered.

Under Fed. R. Civ. P. Rule 56(c) and D.N.M.LR-Civ. 56-1, a district court may grant a plaintiff's motion for partial summary judgment if "there is no genuine issue of material fact" and the plaintiff is "entitled to a judgment as a matter of law." *Id.* Fed. R. Civ. P., Rule 56(a) maintains for purposes of the Court granting a partial and/or motion for summary judgment*:*

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

As demonstrated in this motion, the basis of the undisputed facts is contained in Defendant United States' Response to Plaintiffs' First Request for Admissions. Moreover, admissions made pursuant to such requests may be used for summary judgment. *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650 (2nd Cir. 1983)*.* On motion for summary judgment, court may consider admissions and facts conclusively established*. U.S. v. Farmers Mut. Ins. Ass'n of Kiron, Iowa,* 288 F.2d 560 (8th Cir. 1961*).*

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). When applying this standard, the Court " 'view[s] all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.' " *Riser v. QEP Energy,* 776 F.3d 1191, 1195 (10th Cir. 2015) *(quoting Croy v. Cobe Labs. Inc., 345 F.3d 1199, 1201* (10th Cir. 2003)). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000). The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial". *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

New Mexico law tracks soundly with federal law in determining the dispositive nature of a summary judgment. The purpose of summary judgment proceedings is to expedite litigation by determining whether a party possesses competent evidence to support her pleadings to raise genuine issues of material fact, and if she has not, to dispose of the matters at that state of the proceeding. *Goffe v. Pharmaseal Lab., Inc*., 1976-NMCA-123, 90 N.M. 764, 568 P. 2d 600, *rev'd in part on other grounds*, 1977-NMSC-071, 90 N.M. 753, 568 P.2d 589. Plaintiffs, as the moving party, have the burden of proving that no genuine issues are disputed. *Blauwkamp v. Univ. of N.M. Hosp*., 1992-NMCA-048, 114 N.M. 228, 231, 836 P.2d 1249, 1252, See also, *State ex. Rel. Children Youth & Families v. Joe R.,* 1997- NMSC-038 ¶15, 123 N.M. 711. Upon a showing by the moving party that no genuine issue of material fact exists, it is then the burden of the nonmoving party to present "a concise statement of all of the material facts as to which the moving party contends no genuine issue exists." Rule 1-056 (D)(2) NMRA 2013. Entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.*" Celotex Corp. v. Catrett,* 47 U.S. 317, 322, L. Ed. 2d 265 (1986).

Once the plaintiff makes such a showing, the burden shifts to the defendant to come forward with admissible evidence that establishes "a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact." *Guest v. Berardinelli,* 2008-NMCA-144, ¶¶ 6-7*,* 145 N.M. 186, 195 P.3d 353 *(internal quotation marks and citation omitted).* If the defendant is unable to identify any evidence that would preclude the plaintiff's entitlement to a judgment as a matter of law, summary judgment is appropriate and must be granted. *See id.*

## ARGUMENT

I. **NEW MEXICO LAW ESTABLISHES THAT INCURRED MEDICAL TREATMENT AND BILLS CARRY CIRCUMSTANTIAL GUARANTEES OF TRUSTWORTHINESS THAT MAKE THEM ADMISSIBLE.**

In a FTCA proceeding such as this, the law of the state controls the substantive review of the issues to be decided by the trial court. 28 U.S.C. §1346(b). Accordingly, New Mexico law is to be used to consider the merits of Plaintiff Simpson's dispositive motion for a determination that her past incurred medical treatment and bills are reasonable and necessary.

In *Padilla v. Hay*, the New Mexico Court of Appeals addressed how medical bills may be admitted into evidence at a personal injury trial. 1995-NMCA-067, ¶ 1, 120 N.M. 220, 900 P.2d 969. In the instant case, Defendant has unequivocally admitted that all of Plaintiff Simpson's past records of medical treatment and bills are authentic and kept in the ordinary course of business. What is in dispute is whether this past treatment and incurred medical bills were reasonable and necessary.

Plaintiff has timely disclosed an expert medical doctor who has opined to a reasonable medical certainty that the past medical care and bills incurred by Plaintiff Simpson, as a proximate

9

result of Defendant's negligence, was reasonable and necessary. This is the legal test to establish such admissible threshold and Plaintiff has met it demonstrating that there are no disputed material facts as to this issue. Defendant cannot offer any counter testimony through any medical expert witness (or any witness), and therefore as a matter of law, Plaintiff has demonstrated sufficient grounds for the Court to grant summary judgment as to the reasonableness and necessity of Plaintiff's past incurred medical treatment and bills.

Plaintiff Simpson's medical bills and treatment will be offered as evidence of a material fact—the actual past medical expenses that the Court may award as damages. The bills are the primary source of the amounts that Plaintiff was billed for her past medical expenses, making them the most probative evidence on the point. Admitting the bills into evidence will serve the purposes of the rules of evidence, as well as the "interests in justice."

In *Scott v. Transwestern Tankers, Inc.*, 73 N.M. 219, 387 P.2d 327, the New Mexico Supreme Court, in reviewing an appeal from a workers' compensation judgment, considered an argument regarding how a plaintiff can prove the "reasonableness" of a medical bill for which he is seeking recovery. 1963-NMSC-205, ¶ 8, 73 N.M. 219, 387 P.2d 327. The defense argued that the plaintiff did not offer "proof of the reasonableness of the medical services" reflected in a medical bill that was presented at trial. *Id.* The Supreme Court rejected that argument, reasoning that "[w]hile there is respectable authority to the effect that the burden is on a claimant to show the reasonableness of the services of a doctor,…we note even in personal injury actions in some jurisdictions proof of a bill from a doctor for services rendered is considered sufficient as prima facie proof of reasonableness." *Id.* Based on that authority, the Supreme Court held, "we are inclined to the view that the latter rule as thus applied in personal injury actions would be a wholesome rule in workmen's compensation cases and should be adopted by us." *Id.*

Under the *Scott* precedent, in workers' compensation cases for example, a medical bill reflecting an amount billed for services rendered constitutes prima facie proof of the reasonableness of the amounts reflected therein. *Id.* This rationale for this rule translates seamlessly to the personal injury context, as medical bills are medical bills no matter how any subsequent litigation is classified. The rule that the amount reflected in a bill constitutes a rebuttable presumption of reasonableness makes sense for purposes of efficiency and avoiding the needless presentation of testimony and evidence at trial.

II. **DEFENDANT HAS NOT REBUTTED THE REASONABLENESS OF ANY OF THE INCURRED PAST MEDICAL TREATMENT AND BILLED AMOUNTS REFLECTED IN PLAINTIFF'S MEDICAL BILLING.**

Plaintiff has produced the actual incurred medical treatment and billing that reflects charges that should be deemed prima facie proof of their reasonableness under the reasoning set forth in *Scott*. Defendant had a fair opportunity to disclose a damages expert witness to opine on Plaintiff's past medical treatment and incurred bills, depose anyone affiliated with any of Plaintiff's providers with knowledge of billing to challenge any billing, or to otherwise attack the reasonableness of any of Plaintiff's medical bills. They failed to do so. Absent any such evidence, or even an argument about how any bill could be deemed unreasonable, Plaintiff Simpson has met her burden of proving reasonableness and necessity, and a summary judgment on that issue would be appropriate and would allow for a more efficient trial.

In *Scott v. Transwestern Tankers, Inc.* and its subsequent cases, a medical bill constitutes prima facie evidence of the reasonableness of the amounts reflected in it. 1963-NMSC-205, ¶ 8, 73 N.M. 219, 387 P.2d 327; *Dimatteo v. County of Doña Ana,* 1985-NMCA-099, ¶ 20, 104 N.M. 599, 725 P.2d 575; *Prichard v. Halliburton Serv.,* 1986-NMCA-018, ¶ 25, 104 N.M 102, 717 P.2d 78.

**CONCLUSION**

WHEREFORE, Plaintiff Simpson has established to a reasonable medical certainty that her past incurred medical treatment and bills are reasonable and necessary, that the medical records and bills are admissible by admission by the Defendant, that there are no undisputed materials facts, that Plaintiff Simpson be awarded a summary judgment for her past medical bills in the amount of $102,230.96, and for such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

*/s/ Theodore W. Barudin*
Theodore W. Barudin
BARUDIN LAW FIRM, P.C.
7900 Menaul Blvd. NE
Albuquerque, New Mexico 87110
(505) 332-1800
tbarudin@barudinlaw.com

Lori Bencoe
Cherie LaCour
BENCOE & LACOUR LAW, P.C
9201 Montgomery Blvd., NE Suite 404
Albuquerque, NM  87111
(505) 247-8800
lori@bencoelaw.com
cherie@bencoelaw.com

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012
rik@kaplanlegal.com

*Attorneys for Plaintiffs*

## **CERTIFICATION OF FILING**

       This is to certify that on September 14, 2020, Plaintiffs filed this *Motion* via CM/ECF and served said *Plaintiff Tammy Simpson's Motion For Summary Judgment On The Reasonableness and Necessity Of The Amounts Of The Incurred Past Medical Treatment and Bills* via electronic filing and U.S. Mail to:

    Roberto D. Ortega
    United States Attorney's Office
    District of New Mexico
    P.O. Box 607
    Albuquerque, NM 87103
    (505) 346-7282

*/s/ Theodore W. Barudin*
Theodore W. Barudin