IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY SIMPSON, Individually and
MARVIN CHARLEY, Individually, Husband and Wife,
And TAMMY SIMPSON, as Guardian and Next
Friend of P.S. and B.C., Minor children,

    Plaintiffs,

vs.                                                    No. 1-18-cv-01169-KWR-LF

THE UNITED STATES OF AMERICA,

    Defendant.

**MOTION FOR SUMMARY JUDGMENT ON
ADMITTED AND UNDISPUTED MATERIAL FACTS**

Plaintiffs, by and through their attorneys, hereby files their *Motion for Summary Judgment on Admitted and Undisputed Material Facts* pursuant to Fed. R. Civ. P. Rules 36 and 56, and D.N.M.LR-Civ. 56.1, and states that Defendant was served with Request for Admissions on May 27, 2020 [Doc. 71] and its responses are attached as Exhibit 1 setting forth specific admitted facts that are not in dispute and therefore warrant an entry of summary judgment for Plaintiffs.

**UNDISPUTED MATERIAL FACTS**

**Undisputed Material Fact No. 1**: Tammy Simpson was diagnosed with her first pulmonary embolus on January 5, 2007. [USA Response Request for Admission No. 2].

**Undisputed Material Fact No. 2:** Tammy Simpson suffered a second pulmonary embolus in April, 2009. [USA Response Request for Admission No. 3].

**Undisputed Material Fact No. 3:** Tammy Simpson was followed in the Coumadin Clinic by Donald Brunk, MD after the second pulmonary embolus. [USA Response Request for Admission No. 4].

1

**Undisputed Material Fact No. 4:** On July 22, 2009, Katherine Wilder, MD consulted a hematologist at UNM. [USA Response Request for Admission No. 5].

**Undisputed Material Fact No. 5:** Dr. Wilder was instructed to place Tammy Simpson on anti-coagulation treatment for one year. [USA Response Request for Admission No. 6].

**Undisputed Material Fact No. 6:** On January 12, 2010, Sara Michaels, MD planned to check Mrs. Simpson for hypercoagulable labs. [USA Response Request for Admission No. 7].

**Undisputed Material Fact No. 7:** On February 10, 2010, Donald Brunk, MD stopped Tammy Simpson's Coumadin. [USA Response Request for Admission No. 8].

**Undisputed Material Fact No. 8:** On February 10, 2010, Tammy Simpson "graduated from clinic". [USA Response Request for Admission No. 9].

**Undisputed Material Fact No. 9:** On November 14, 2010, Dr. Michaels ordered a hypercoagulable work-up taken on Tammy Simpson. [USA Response Request for Admission No. 10].

**Undisputed Material Fact No. 10:** On November 18, 2010, the Protein C Antigen was reported low at 58% with the normal range 70-140. [USA Response Request for Admission No. 12].

**Undisputed Material Fact No. 11:** On November 18, 2010, the Protein S Antigen was reported at 95% with the normal range 58-150. [USA Response Request for Admission No. 13].

**Undisputed Material Fact No. 12:** On November 18, 2010, Dr. Michaels had diagnosed Tammy Simpson with a hypercoagulable state. [USA Response Request for Admission No. 14].

**Undisputed Material Fact No. 13:** On April 8, 2011, Dr. Michaels started Tammy Simpson on Lovenox. [USA Response Request for Admission No. 15].

**Undisputed Material Fact No. 14:** On August 11, 2015, Faraz Sandhu, MD recommended life-long anticoagulation for Tammy Simpson. [USA Response Request for Admission No. 16].

**Undisputed Material Fact No. 15:** On December 20, 2011, Dr. Michaels gave an order to Amber Payne, PA to discontinue Tammy Simpson's Lovenox. [USA Response Request for Admission No. 17].

**Undisputed Material Fact No. 16:** On August 8, 2015, Tammy Simpson was diagnosed with a DVT of her right leg and was placed on Lovenox at San Juan Regional Medical Center ("SJRMC"). [USA Response Request for Admission No. 19].

**Undisputed Material Fact No. 17:** On August 10, 2015, Tammy Simpson was readmitted to SJRMC with multiple pulmonary emboli. [USA Response Request for Admission No. 20].

**Undisputed Material Fact No. 18:** Tammy Simpson suffered her third DVT/PE in August, 2015. [USA Response Request for Admission No. 21].

**Undisputed Material Fact No. 19:** Tammy Simpson was placed on Eliquis for 6 months after her August 10, 2015 admission. [USA Response Request for Admission No. 22].

**Undisputed Material Fact No. 20:** On October 19, 2015, Eliquis was discontinued for Tammy Simpson. [USA Response Request for Admission No. 23].

**Undisputed Material Fact No. 21:** On October 19, 2015, Tammy Simpson was re-started on Coumadin by Ashlee Walls, MD and Kendall Van Tyle, PharmD. [USA Response Request for Admission No. 24].

**Undisputed Material Fact No. 22:** On November 13, 2015, Dr. Michaels noted that previous "hypercoagulable work-up neg." [USA Response Request for Admission No. 27].

**Undisputed Material Fact No. 23:** Dr. Michaels provided Dr. Neidhart with the wrong information. [USA Response Request for Admission No. 30].

**Undisputed Material Fact No. 24:** On May 18, 2016, Brandon Anderson, PharmD. spoke with Dr. Michaels who advised "pt. does not need to continue warfarin at this time. Pt. to receive prophylactic warfarin when traveling long distances or has high risk behavior for blood clots. Pt. to follow up with the provider on May 31, 2016 @ 0900." [USA Response Request for Admission No. 32].

**Undisputed Material Fact No. 25:** On September 14, 2016, Tammy Simpson was diagnosed with superficial thrombophlebitis of the left arm. [USA Response Request for Admission No. 33].

**Undisputed Material Fact No. 26:** On September 14, 2016, Keith at the anti-coagulation clinic had a conversation with Thomas Burnison, MD. [USA Response Request for Admission No. 34].

**Undisputed Material Fact No. 27:** On September 14, 2016, Keith advised Dr. Burnison that "I couldn't do a referral from the ED-it would have to come from Dr. Michaels. He rec warfarin 6 mg po. qd. and Lovenox bid". [USA Response Request for Admission No. 35].

**Undisputed Material Fact No. 28:** On September 14, 2016, Dr. Burnison properly treated the superficial thrombophlebitis of the Tammy Simpson's left arm. [USA Response Request for Admission No. 36].

**Undisputed Material Fact No. 29:** On September 17, 2016, Tammy Simpson suffered a right middle cerebral artery territory infarction. [USA Response Request for Admission No. 37].

## STANDARD OF REVIEW

Fed. R. Civ. P. Rule 56 and D.N.M. LR-Civ. 56.1 maintains for purposes of the Court granting a partial and/or motion for summary judgment:

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or

4

defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion

As demonstrated in this motion, the basis of the undisputed facts is contained in Defendant USA's Response to Plaintiffs' First Request for Admissions. Admissions made pursuant to such requests may be used for summary judgment. *Donovan v. Carls Drug Co., Inc*., C.A.2 (N.Y.) 1983, 703 F.2d 650. On motion for summary judgment, court may consider admissions and facts conclusively established. *U.S. v. Farmers Mut. Ins. Ass'n of Kiron, Iowa,* 288 F.2d 560 (8th Cir. 1961).

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court "'view[s] all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.' " *Riser v. QEP Energy*, 776 F.3d 1191, 1195 (10th Cir. 2015) (quoting *Croy v. Cobe Labs. Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003)). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial". *Applied Genetics Int'l, Inc. v. First Affiliated Sec.*, Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

WHEREFORE, Plaintiffs have established that there are no undisputed materials facts inasmuch as Defendant USA has admitted the above enumerated facts which warrants the court to

enter an order granting Plaintiffs' *Motion for Summary Judgment on Admitted and Material Undisputed Facts*, and for such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

*/s/ Theodore W. Barudin*
Theodore W. Barudin
BARUDIN LAW FIRM, P.C.
7900 Menaul Blvd. NE
Albuquerque, New Mexico 87110
(505) 332-1800
tbarudin@barudinlaw.com

Lori Bencoe
Cherie LaCour
BENCOE & LACOUR LAW, P.C
9201 Montgomery Blvd., NE Suite 404
Albuquerque, NM 87111
(505) 247-8800
lori@bencoelaw.com
cherie@bencoelaw.com

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012
rik@kaplanlegal.com

## CERTIFICATION OF FILING

This is to certify that on September 14, 2020, Plaintiffs filed this *Motion for Summary Judgment on Admitted and Undisputed Material Facts* via CM/ECF and served via electronic filing and U.S. Mail to:

Roberto D. Ortega
United States Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7282

*/s/ Theodore W. Barudin*

Theodore W. Barudin