IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY SIMPSON, Individually and
MARVIN CHARLEY, Individually, Husband and Wife,
And TAMMY SIMPSON, as Guardian and Next
Friend of P.S. and B.C., Minor children,

    Plaintiffs,

vs.                                                             No. 1-18-cv-01169-KWR-LF

THE UNITED STATES OF AMERICA,

    Defendant.

## PLAINTIFF TAMMY SIMPSON'S MOTION FOR SUMMARY JUDGMENT ON PAST AND FUTURE DAMAGES

Plaintiff Tammy Simpson, by and through her attorneys of record, and pursuant to Fed. R. Civ. P., Rule 56(c) and D.N.M.LR-Civ. 56.1, requests that the Court grant summary judgment in her favor on her *Motion For Summary Judgment On Past and Future Damages,* and find as a matter of undisputed facts and New Mexico law, that there are no undisputed material facts as to her past and future damages as a result of the negligence of Defendant because:

1. Plaintiff Tammy Simpson has proven her past and future damages through timely disclosed damages expert testimony on January 20, 2020 [Doc. 57];

2. Plaintiff Tammy Sampson has disclosed her damages expert witnesses, namely: Dr. Nancy Cutter (physiatrist), Loretta Lukens, M.N., R.N., C.R.R.N. (certified Life Care Planner), Rex Jung, Ph.D. (neuropsychologist) and M. Brian McDonald, Ph.D. (forensic economist);

3. Plaintiff's expert witness disclosures were consistent with the procedural requirements of Fed. R. Civ. P., Rule 26 and D.N.M. LR- Civ. 26.3 in disclosing their expert witnesses, both liability and damages, setting forth their qualifications to offer expert testimony, including the disclosure of their vita, fee schedule, past testimony history, and their signed and dated written expert report.

4. Defendant has not disclosed any damages expert witnesses to rebut Plaintiffs' past and future damages and accordingly Plaintiffs' expert damages testimony is undisputed;

5. The time period for any expert witness disclosure has elapsed and Defendant has no expert witness(es) who can rebut Plaintiffs' expert testimony to a reasonable medical certainty and to a reasonable economic certainty;

For the reasons that follow, Plaintiff respectfully requests that the Court find that there are no undisputed material facts regarding the past and future damages that Defendant can rebut through any counter expert testimony, and that because Defendant cannot substantiate that there are no disputed counter expert opinions, the Court enter summary judgment for Plaintiff Tammy Simpson as a matter of New Mexico law.

## **UNDISPUTED MATERIAL FACTS THAT ENTITLE PLAINTIFF TAMMY SIMPSON TO SUMMARY JUDGMENT AS A MATTER OF LAW.**

1. In the Court's Scheduling Order of August 8, 2019 and Order of Extension of Time October 24, 2019 [Docs. 43 and 50], Plaintiffs were to submit their expert witness disclosures by January 21, 2020. Defendant was to submit any expert witness disclosures on February 21, 2020. [Doc. 50].

2. Plaintiffs timely disclosed both their liability and damages witnesses on January 21, 2020. [Doc. 57]. In addition to disclosing liability and causation witnesses at that time, Plaintiffs disclosed the following expert damages witnesses: Dr. Nany Cutter (physiatrist), Loretta Lukens, M.N. R.N., C.R.R.N (Life Care Planner), Rex Jung, Ph.D., (neuropsychologist), and M. Brian McDonald, Ph.D. (forensic economist).

3. Plaintiffs' expert witness disclosures were consistent with the procedural requirements of Fed. R. Civ. P., Rule 26 and D.N.M. LR- Civ. 26.3 in disclosing both liability and damages experts, setting forth their qualifications to offer expert testimony, including the

disclosure of their vita, fee schedule, past testimony history, and their signed and dated written expert report. [Doc. 57].

4. Defendant filed its expert witness disclosure on February 21, 2020 and did not include any expert damages witness(es), knowing full well that Plaintiffs had timely disclosed four expert damages witnesses. [Docs. 63, 64].

5. The deadline for expert witness(es) disclosure and discovery has elapsed. [Doc.43 Scheduling Order and Docs. 50 and 85 Orders for enlargement of discovery].

6. Plaintiffs' damages expert witnesses have prepared and established a Life Care Plan for Plaintiff Simpson by the collaborative efforts of Dr. Nancy Cutter and Loretta Lukens and such Plan is to a reasonable medical certainty. [Exhibit 1- Deposition of Dr. Nancy Cutter, pages 30:1-19, 48:4-9; 52-53:10-25, 1-11; 96: 6-25, 97:2-17; 98:15-25; 99:1-10]; [Exhibit 2 - Deposition of Loretta Lukens, pages 30:1-11; 42:9-15, 22-25; 43: 1-24; 44:5-21].

7. Dr. Cutter and Loretta Lukens made a home visit of Plaintiff Simpson on September 14, 2019 in Carlsbad, New Mexico for the purpose to formulate their expert opinions for the preparation of the Life Care Plan. *Id*., [Exhibit 1- Deposition of Dr. Nancy Cutter, page 40:13-25; Exhibit 2- Deposition of Loretta Lukens page 41, line 4-12].

8. Defendant deposed Dr. Nancy Cutter on July 28, 2020, Loretta Lukens on August 10, 2020 and Rex Jung, Ph.D. on August 4, 2020. Dr. Brian McDonald was not deposed and the time to take his deposition has elapsed.

9. The Life Care Plan prepared by Dr. Nancy Cutter and Loretta Lukens is unrebutted and therefore the law of the case. [Doc. 57 – Plaintiffs' Expert Witness Disclosures; Depositions of Dr. Nancy Cutter and Loretta Lukens- Exhibits 1 and 2].

10. Attached hereto as Exhibit 3, is the sworn affidavit of Dr. Brian McDonald, which sets forth his economic opinions to a reasonable economic certainty:

    a. Lost earning capacity of $1,568,216 in 2020 present value dollars;

    b. Loss of household services of $748,820 in 2020 present value dollars;

    c. The present value of the one-time, non-annualized services in the life care plan as $246,461. This includes professional services for neuro-ophthalmology, vestibular evaluation, recreational therapist, assistive technology, sleep study, driving evaluation, attendance at the Center for Transitional Neuro rehabilitation for six months, and home modifications in the year 2025 (age 55);

    d. The total present value of the life care plan, including both the annual, recurring and the one-time non-recurring items of care from ranges from $2,693,412 to $3,286,920 over the 34 year life expectancy of Tammy Simpson;

    e. Tammy Simpson will have loss of enjoyment of life damages based on the value of a statistical life in the amount of $9.6 million.

11. Dr. McDonald's economic present value calculations, along with his economic opinion as to the loss of the enjoyment of life, are to a reasonable economic certainty, unrebutted, and therefore comprise the law of the damages of the case. [Doc. 57 expert witness disclosure; McDonald Affidavit - Exhibit 3].

## **STANDARD OF REVIEW**

This Federal Tort Claims Act action is for medical negligence against the Defendant United States arising under New Mexico law. (New Medical Malpractice Act, NMSA 1978, §41-5-1 *et. seq*.). Accordingly, Plaintiffs have the burden to establish to a reasonable medical certainty: (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by

departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries. *Diaz v. Feil,* 1994–NMCA–108, ¶ 5, 118 N.M. 385; *Brown v Kellogg*, 340 P.3d 1274 (Ct. App. 2014).

Plaintiffs are mindful that Defendant has contested liability but has not offered any counter expert damages opinions to rebut Plaintiffs' damages expert testimony. As a matter of law, therefore, if the Court finds that the Defendant was negligent in the medical care to Plaintiff Simpson, the Court can grant Plaintiff's motion for summary judgment as to damages predicated on the absence of any disputed material facts for the damages suffered by Plaintiff proximately caused by the Defendant.

Under Fed. R. Civ. P. Rule 56(c) and D.N.M.LR-Civ. 56.1, a district court may grant a plaintiff's motion for partial summary judgment if "there is no genuine issue of material fact" and the plaintiff is "entitled to a judgment as a matter of law." *Id.* Fed. R. Civ. P., Rule 56(a) maintains for purposes of the Court granting a partial and/or motion for summary judgment:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

As demonstrated in this motion, the basis of the undisputed material facts is that Defendant United States failed to file any counter damages expert witnesses to rebut Plaintiffs' damages experts. Moreover, such lack of counter rebuttable damages expert witness, along with the admissions of the past medical bills and treatment, may be used for summary judgment. *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650 (2nd Cir. 1983). On motion for summary judgment, court may consider admissions and facts conclusively established. *U.S. v. Farmers Mut. Ins. Ass'n of Kiron, Iowa,* 288 F.2d 560 (8th Cir. 1961).

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court " 'view[s] all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.' " *Riser v. QEP Energy,* 776 F.3d 1191, 1195 (10th Cir. 2015) *(quoting Croy v. Cobe Labs. Inc., 345 F.3d 1199, 1201* (10th Cir. 2003)). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000). The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial". *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

New Mexico law tracks soundly with federal law in determining the dispositive nature of a summary judgment. The purpose of summary judgment proceedings is to expedite litigation by determining whether a party possesses competent evidence to support her pleadings to raise genuine issues of material fact, and if she has not, to dispose of the matters at that state of the proceeding. *Goffe v. Pharmaseal Lab., Inc*., 1976-NMCA-123, 90 N.M. 764, 568 P. 2d 600, *rev'd in part on other grounds*, 1977-NMSC-071, 90 N.M. 753, 568 P.2d 589. Plaintiffs, as the moving party, have the burden of proving that no genuine issues are disputed. *Blauwkamp v. Univ. of N.M. Hosp*., 1992-NMCA-048, 114 N.M. 228, 231, 836 P.2d 1249, 1252, See also, *State ex. Rel. Children Youth & Families v. Joe R.,* 1997- NMSC-038 ¶15, 123 N.M. 711. Upon a showing by the moving party that no genuine issue of material fact exists, it is then the burden of the nonmoving party to present "a concise statement of all of the material facts as to which the moving

party contends no genuine issue exists." Rule 1-056 (D)(2) NMRA 2013. Entry of summary judgment is mandated *"against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial."* Celotex Corp. v. Catrett, 47 U.S. 317, 322, L. Ed. 2d 265 (1986).

Once the plaintiff makes such a showing, the burden shifts to the defendant to come forward with admissible evidence that establishes "a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact." *Guest v. Berardinelli,* 2008-NMCA-144, ¶¶ 6-7, 145 N.M. 186, 195 P.3d 353 *(internal quotation marks and citation omitted).* If the defendant is unable to identify any evidence that would preclude the plaintiff's entitlement to a judgment as a matter of law, summary judgment is appropriate and must be granted. *See id.*

## ARGUMENT

### A. **PLAINTIFF SIMPSON'S PAST AND FUTURE INCURRED MEDICAL CARE AND DAMAGES ARE UNDISPUTED AND RECOVERABLE UNDER NEW MEXICO LAW.**

As demonstrated above, Defendant has not offered any expert damages witnesses to rebut Plaintiffs' claims for past and future damages.[1] Dr. Brian McDonald has succinctly calculated that Plaintiff Simpson has suffered compensable damages under New Mexico law, specifically loss of household services (UJI 13-1805 "Non-medical expenses"); loss of income opportunity (UJI 13-1803 "Earnings"); present value costs of funding the Life Care Plan (UJI 13-1804 "Medical Expenses"); and the ability to claim loss of enjoyment of life damages (UJI 13-1807(a) "Loss of enjoyment of life"). Both Dr. McDonald's Affidavit (Exhibit 3), and his expert report served on

---

[1] This same legal claim and analysis is asserted in Plaintiffs' *Motion For Summary Judgment On The Reasonableness and Necessity Of The Amounts Of Her Incurred Past Medical Treatment and Bills* filed concurrently with this Motion. Defendant has readily agreed to the admissibility of the past incurred medical treatment and bills and has not established any counter disputed facts to challenge Plaintiff Simpson's past medical bills.

7

Defendant on January 20, 2020, establish to a reasonable economic certainty the nature and amount of these specific damages allowable under New Mexico law.

As outlined in Exhibit 3, Dr. McDonald opines that Plaintiff Simpson has suffered

    a. Lost earning capacity of $1,568,216 in 2020 present value dollars;

    b. Loss of household services of $748,820 in 2020 present value dollars;

    c. The present value of the one-time, non-annualized services in the life care plan as $246,461. This includes professional services for neuro-ophthalmology, vestibular evaluation, recreational therapist, assistive technology, sleep study, driving evaluation, attendance at the Center for Transitional Neuro rehabilitation for six months, and home modifications in the year 2025 (age 55);

    f. The total present value of the life care plan, including both the annual, recurring and the one-time non-recurring items of care from ranges from $2,693,412 to $3,286,920 over the 34 year life expectancy of Tammy Simpson;

    g. Tammy Simpson will have loss of enjoyment of life damages based on the value of a statistical life in the amount of $9.6 million.

Dr. McDonald's economic present value calculations, along with his economic opinion as to the loss of the enjoyment of life, are unrebutted and therefore comprise the law of the damages of the case. [Doc. 57 Plaintiffs' expert witness disclosure; Exhibit 3 - McDonald Affidavit].

Similarly, Dr. Nancy Cutter, in collaboration with Loretta Lukens, investigated, researched and prepared a Life Care Plan that is presented as expert testimony to a reasonable medical certainty. [Exhibits 1 and 2]. The Life Care Plan has investigated all of the potential future medical, psychological, cognitive, social, and physical needs that Plaintiff Simpson will require for the balance of her life. Additionally, this Life Care Plan is required to protect Plaintiff Simpson in her

future needs proximately caused by Defendant's negligence. Moreover, Defendant has known of this Life Care Plan and the nature of the future needs and the associated costs to fund her lifetime needs, since January 20, 2020. In short, Defendant had ample time in preparation of its defense to offer the Court counter expert damages witnesses but did not do so. Finally, Defendant United States is no stranger in defending against medical malpractice cases and the undisputed fact that such counter expert damages witnesses were not disclosed should not prejudice Plaintiffs in their seeking damages allowable under New Mexico law.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully seek summary judgment against Defendant for Plaintiff Simpson's loss of earning capacity, for her loss of household services, for the incurred medical bills for her past medical care and treatment, for the present value dollars to fund the Life Care Plan, for the loss of enjoyment of life, and for such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

*/s/ Theodore W. Barudin*
Theodore W. Barudin
BARUDIN LAW FIRM, P.C.
7900 Menaul Blvd. NE
Albuquerque, New Mexico 87110
(505) 332-1800
tbarudin@barudinlaw.com

Lori Bencoe
Cherie LaCour
BENCOE & LACOUR LAW, P.C
9201 Montgomery Blvd., NE Suite 404
Albuquerque, NM  87111
(505) 247-8800
lori@bencoelaw.com
cherie@bencoelaw.com

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012
rik@kaplanlegal.com

*Attorneys for Plaintiffs*

## CERTIFICATION OF FILING

This is to certify that on September 14, 2020, Plaintiffs filed this *Motion For Summary Judgment On Past and Future Damages* via CM/ECF and served via electronic filing and U.S. Mail to:

Roberto D. Ortega
United States Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7282

*/s/ Theodore W. Barudin*
Theodore W. Barudin